■ BOGNER-SEITEL LUMBER CO., Respondent, v. INSURANCE COMPANY OF NORTH AMERICA, Appellant.— *Per Curiam.* Appeal (1) from an order of the Supreme Court at Special Term which granted summary judgment to plaintiff and (2) from the judgment entered thereon. The defendant is the surety upon a labor and material payment bond issued to a contractor for the construction of a public school building. Plaintiff sues upon the bond, asserting that it is a protected "claimant" thereunder within the definition of claimant contained in the bond as "one having a direct contract with the Principal or with a subcontractor of the Principal for labor, material, or both, used or reasonably required. for use in the performance of the contract"; the complaint and the moving affidavit alleging that plaintiff supplied to Keesler Construction Co., Inc., a subcontractor of the principal, certain building materials used in the construction. The surety's sole defense is that plaintiff was not a "claimant" within the protection of the bond because plaintiff supplied, not the "subcontractor",

Keesler Construction Co., Inc., but Arch Keesler, the president of that corporation. The surety's contention is based largely, if not entirely, on its allegations that the materials were invoiced to "Arch Keesler" and the account therefor carried on plaintiff's books in that name. The affidavit submitted in opposition to the motion was that of an attorney only and there was no competent or, indeed, any denial of the factual averments of the moving affidavit that the materials were supplied to the actual subcontractor on the job site and used in the construction, with the result, in our view, that a "direct contract with * * * a subcontractor" was created then, if not previously. The manner in which plaintiff handled its invoices and ledger should not greatly concern defendant and in this case seems to us to have no evidentiary effect; particularly so when defendant, despite ample time and opportunity for investigation, submitted no competent factual denial of the "direct contract" demonstrated by the moving papers; raised no question as to the items and prices of the materials and their use in the construction project; and made no denial or explanation of the movant's averments that the usual and routine statements of account (including a statement sent defendant) were retained without objection, that substantial payments on account were made from time to time by the corporate subcontractor, and that the subcontractor defaulted in replying to a counterclaim whereby plaintiff's present claim was interposed in a lien foreclosure action. Once the contract has been established, as here most assuredly it was, the details of the supplier's bookkeeping become irrelevant, absent any issue as to the items, costs and unpaid balance. Defendant's suggestion that a surety is to be favored on an application of this nature, and its contention that there is applicable here the rule which denies summary judgment to a party having exclusive knowledge of the facts, are equally specious. (See, e.g., *Tausig & Son* v. *Providence Washington Ins. Co.*, 28 A D 2d 279, affd. 21 N Y 2d 1022.) The Special Term correctly characterized as frivolous the purported defenses to the action and the motion. Order and judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum *Per Curiam*.